UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE DAVE LEWIS,<br>　　　　　Plaintiff,<br>　　v.<br>TAMMY FOSS, et al.,<br>　　　　　Defendants. | Case No. 21-cv-00477-EMC<br><br>**ORDER OF SERVICE**<br><br>Docket No. 15 |

## I.　INTRODUCTION

Lonnie Dave Lewis, a prisoner at the Salinas Valley State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Court reviewed the complaint pursuant to 28 U.S.C. § 1915A, and found that Mr. Lewis had stated a claim against Defendants Rakitin and Bassi for Eighth Amendment violations. Docket No. 11 at 3-5. The Court found that Mr. Lewis had not stated a claim against any other defendant, and granted Mr. Lewis leave to amend to cure pleading deficiencies. *See generally, id.*

Mr. Lewis filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A. Docket No. 15 ("FAC").

## II.　BACKGROUND

Mr. Lewis alleges the following in the FAC:

When Mr. Lewis arrived at Salinas Valley on or about December 4, 2018, he was assigned to a cell that had "approximately a foot of rainwater on the cell floor." FAC at 3. Water also was leaking into the cell from the ceiling and the top of the walls. *See id.* Mr. Lewis informed "floor staff" and requested to be moved, but his request was denied.

From December 2018 through January 2019, Mr. Lewis's cell flooded on a regular basis. *See id*. During this period, Mr. Lewis "made several requests" to Defendant Rakitin, the "B1 Senior Officer," to rehouse Mr. Lewis. *Id*. These requests were denied. *See id*. On or about January 1, 2019, Mr. Lewis "sent a letter" to Defendant Foss, then the warden of SVSP, explaining that his cell leaked and asking to be rehoused. *Id*. at 8. Defendant Foss did not respond to Mr. Lewis's letter. *See id*.

On January 14, 2019, Mr. Lewis slipped and fell due to the accumulated water in his cell, injuring his lower back and tailbone. *See id*. at 3.

The same day Mr. Lewis fell, he was sent to the clinic due to that fall. *See id*. at 4. Defendant Bassi, a nurse in the clinic, "perform[ed] a perfunctory examination on" Mr. Lewis. *Id*. Mr. Lewis was given aspirin and told to submit a sick call slip. *See id*.

In the weeks after Mr. Lewis's fall, he "sent numerous letters" to Defendant Foss informing her of the "substandard healthcare" he received for his injury. *See id*. at 8. Defendant Foss did not respond until May 2019. *See id*.

Mr. Lewis filed a grievance in which he requested the leaks in his cell be fixed or that he be rehoused. *See id*. at 6. Defendant Atchley, then the chief deputy warden at SVSP, "granted both request[s]" on April 19, 2019. *Id*. In June of 2019, Mr. Lewis sent Defendant Atchley a "G22 Form" stating that Mr. Lewis had not been moved, and the cell leaks had not been fixed. *Id*. Defendant Atchley did not respond to this form. *See id*.

Mr. Lewis seeks compensatory and punitive damages for his injuries.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

2

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The "'treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care," and to "'take reasonable measures to guarantee the safety of the inmates.'" *Id.*

To establish an Eighth Amendment claim on a condition of confinement, such as an excessive risk to health or safety, a prisoner-plaintiff must show: (1) an objectively, sufficiently serious, deprivation, and (2) that the official was, subjectively, deliberately indifferent to the inmate's health or safety. *See id.* at 834. The objective prong may be satisfied by the existence of a serious medical need if the failure to address that need "could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted). A defendant is deliberately indifferent if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* There must be "harm caused by the indifference," although the harm does not need to be substantial. *See Jett*, 439 F.3d at 1096.

3

A. <u>Defendants Rakitin and Bassi</u>

As explained in the Court's prior order, when liberally construed Mr. Lewis has stated a cognizable claim that Defendant Rakitin violated Mr. Lewis's Eighth Amendment rights by refusing to move Mr. Lewis out of a leaking cell. *See* Docket No. 11 at 3; *see also* FAC at 3 (repeating the allegations against Defendant Rakitin). The allegation that water leaked into the cell for several weeks, and that "a foot of rainwater" had accumulated, is sufficient to show a sufficiently serious condition for the objective prong of an Eighth Amendment claim. *See id*. at 3. (Although some small or short-lived leaks might not suffice to show an objectively serious condition that satisfied the Eighth Amendment's objective prong, that prong is satisfied here by allegations that the leaks here were accompanied by ponding on the floor of the cell.) The allegation that Defendant Rakitin denied Mr. Lewis's several requests to be moved from the leaky cell suffices to show deliberate indifference for the subjective prong of an Eighth Amendment claim.

As explained in the Court's prior order, when liberally construed Mr. Lewis has stated a cognizable claim that Defendant Bassi violated Mr. Lewis's Eighth Amendment rights by providing substandard medical care. *See* Docket No. 11 at 5; *see also* FAC at 4 (repeating the allegations against Defendant Bassi). The allegations that Mr. Lewis hurt his tailbone and lower back when he slipped and fell, and continued to suffer for many months thereafter, show an objectively serious medical condition. The allegation that Defendant Bassi performed only a perfunctory examination suffices, with liberal construction, to show the mental state of deliberate indifference.

As in the original complaint, the FAC states cognizable claims against Defendants Rakitin and Bassi.

B. <u>Defendants Foss and Atchley</u>

Mr. Lewis alleges that he made Defendant Foss aware of the leak in his cell on or about January 1, 2019, and requested her assistance, but Defendant Foss failed to act. *See* FAC at 8-9. Mr. Lewis also alleges that he repeatedly wrote to Defendant Foss regarding substandard treatment, but that she failed to act to ensure Mr. Lewis received adequate healthcare. *See id*. at 8.

4

Finally, Mr. Lewis alleges that he made Defendant Atchley aware that Defendant Atchley's order to fix Mr. Lewis's cell and to move Mr. Lewis to another cell had not been followed, but Defendant Atchley failed to act. *See id*. at 6.

An administrator may be liable for deliberate indifference if he or she fails to respond to a prisoner's request for help. *See Jett*, 439 F.3d at 1098 (holding that evidence of prisoner's letter to administrator alerting him to constitutional violation sufficient to generate genuine issue of material fact as to whether administrator was aware of violation, even if he denies knowledge and there is no evidence the letter was received). However, where there is no evidence that the supervisor was personally involved or connected to the alleged violation, the supervisor may not be liable. *See Edgerly v. City and County of San Francisco*, 599 F. 3d 946, 961-62 (9th Cir. 2010) (no supervisory liability for police sergeant who was responsible for day-to-day operations at the station when he was on duty, and who provided only informal training to officers by responding to questions, but did not set station policy and instead was required to enforce the rules and regulations set forth by his supervising captain and other higher-ranking officers); *id*. at 961 (no liability for supervisor based on personal involvement because evidence showed he was not aware of arrest or search until after they were completed, and he authorized officers to cite and release plaintiff).

This does not appear to be a situation in which a prisoner sues prison executives because they are responsible for supervising other prison employees. Instead, Mr. Lewis alleges that he made Defendants Foss and Atchley aware of a problem which came within their administrative duties, and they failed to assist him. *See* FAC at 6-8 (alleging that he wrote directly to Defendants Foss and Atchley because, as warden and chief deputy warden, they were responsible for his health and safety). When "prison administrators. . . knowingly fail to respond to an inmate's requests for help," they may be held liable for violations of the inmate's Eighth Amendment rights. *Jett*, 439 F.3d at 1098 (concluding that question of whether administrators received plaintiff's requests for help precluded summary judgment); *accord Chandler v. Guttierez*, 773 F. App'x 921, 922–23 (9th Cir. 2019) ("[A] reasonable jury could find that Warden Guttierrez's failure to respond to Chandler's request for medical help when faced with information that he was

5

1  not receiving medical attention constituted deliberate indifference."). Because Mr. Lewis alleges
2  that he made Defendants Foss and Atchley aware of the leaking cell and substandard medical care,
3  and they refused to take corrective action, Mr. Lewis has stated an Eighth Amendment claim
4  against Defendants Foss and Atchley.

## IV.    CONCLUSION

For the foregoing reasons and for good cause shown,

1. The following defendants, all of whom appear to work at Salinas Valley State Prison, shall be served: Officer Rakitin, Nurse Bassi, Warden Foss, and Chief Deputy Warden Atchley.

2. Service on the listed defendants shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the First Amended Complaint (Docket No. 15); this order of service; a CDCR Report of E-Service Waiver form; and a summons. The Clerk also shall serve a copy of this order on Plaintiff.

3. No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

4. Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the First Amended Complaint and Reply for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

1    5.    In order to expedite the resolution of this case, the following briefing schedule for
2 dispositive motions is set:
3    a.    No later than **December 24, 2021**, Defendants must file and serve a motion
4 for summary judgment or other dispositive motion.  If Defendants are of the opinion that this case
5 cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date
6 the motion is due.  If Defendants file a motion for summary judgment, Defendants must provide to
7 Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a
8 motion.  *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).
9    b.    Plaintiff's opposition to the summary judgment or other dispositive motion
10 must be filed with the Court and served upon Defendants no later than **February 4, 2022**.
11 Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in
12 this order as he prepares his opposition to any motion for summary judgment.
13    c.    Defendants **shall** file a reply brief no later than **February 23, 2022**.
14    6.    Plaintiff is provided the following notices and warnings about the procedures for
15 motions for summary judgment:

> The defendants may make a motion for summary judgment by
> which they seek to have your case dismissed.  A motion for
> summary judgment under Rule 56 of the Federal Rules of Civil
> Procedure will, if granted, end your case. . . .  Rule 56 tells you what
> you must do in order to oppose a motion for summary judgment.
> Generally, summary judgment must be granted when there is no
> genuine issue of material fact -- that is, if there is no real dispute
> about any fact that would affect the result of your case, the party
> who asked for summary judgment is entitled to judgment as a matter
> of law, which will end your case.  When a party you are suing
> makes a motion for summary judgment that is properly supported by
> declarations (or other sworn testimony), you cannot simply rely on
> what your complaint says.  Instead, you must set out specific facts in
> declarations, depositions, answers to interrogatories, or
> authenticated documents, as provided in Rule 56(e), that contradict
> the facts shown in the defendants' declarations and documents and
> show that there is a genuine issue of material fact for trial.  If you do
> not submit your own evidence in opposition, summary judgment, if
> appropriate, may be entered against you.  If summary judgment is
> granted, your case will be dismissed and there will be no trial.  *Rand
> v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

27 If Defendants file a motion for summary judgment for failure to exhaust administrative remedies,
28 it is seeking to have the case dismissed.  As with other defense summary judgment motions, if a

7

1  motion for summary judgment for failure to exhaust administrative remedies is granted, Plaintiff's
2  case will be dismissed and there will be no trial.

3      7. All communications by Plaintiff with the Court must be served on defense counsel
4  by mailing a true copy of the document to defense counsel.  The Court may disregard any
5  document which a party files but fails to send a copy of to his opponent.  Until defense counsel
6  has been designated, Plaintiff may mail a true copy of the document directly to each individual
7  defendant, but once a defendant is represented by counsel, all documents must be mailed to
8  counsel rather than directly to the party.

9      8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
10 **No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is**
11 **required before the parties may conduct discovery.**

12     9. Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the
13 Court informed of any change of address and must comply with the Court's orders in a timely
14 fashion.  Failure to do so will result in the dismissal of this action for failure to prosecute pursuant
15 to Federal Rule of Civil Procedure 41(b).

16     10. Plaintiff is cautioned that he must include the case name and case number for this
17 case on any document he submits to the Court for consideration in this case.

19 **IT IS SO ORDERED**.

21 Dated: October 4, 2021

_____
EDWARD M. CHEN
United States District Judge