UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEWIS,<br><br>        Plaintiff,<br><br>    v.<br><br>TAMMY FOSS, et al.,<br><br>        Defendants. | Case No. 21-cv-00477-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Docket No. 22 |

## I.    INTRODUCTION

Lonnie Dave Lewis, a prisoner at the Salinas Valley State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. On April 21, 2021, the Court dismissed the complaint with leave to amend, finding that Mr. Lewis had stated a claim against Defendants Rakitin and Bassi for Eighth Amendment violations, but that more facts were required to state a claim against Defendants Foss and Atchley. Docket No. 11 at 3-5.

Mr. Lewis filed a first amendment complaint ("FAC"), providing more facts as to his allegations against Defendants Foss and Atchley. *See* Docket No. 15 ("FAC"). On October 4, 2021, the Court reviewed the FAC pursuant to 28 U.S.C. § 1915A, found that when Mr. Lewis's allegations were liberally construed, he had stated claims for relief against all Defendants, and ordered Defendants to respond to Mr. Lewis's claims. *See* Docket No. 17.

Defendants now move to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Docket No. 22 ("dismissal motion" or "MTD"). Defendants argue that Mr. Lewis has failed to state any claim for relief. For the reasons stated below, the Court agrees, and this action is **DISMISSED**.

## II.     **BACKGROUND**

Mr. Lewis alleges the following in the FAC:

When Mr. Lewis arrived at Salinas Valley on or about December 4, 2018, he was assigned to a cell that had "approximately a foot of rainwater on the cell floor." FAC at 3. Water also was leaking into the cell from the ceiling and the top of the walls. *See id*. Mr. Lewis informed "floor staff" and requested to be moved, but his request was denied.

From December 2018 through January 2019, Mr. Lewis's cell flooded on a regular basis. *See id*. During this period, Mr. Lewis "made several requests" to Defendant Rakitin, the "B1 Senior Officer," to rehouse Mr. Lewis. *Id*. These requests were denied. *See id*. On or about January 1, 2019, Mr. Lewis "sent a letter" to Defendant Foss, then the warden of SVSP, explaining that his cell leaked and asking to be rehoused. *Id*. at 8. Defendant Foss did not respond to Mr. Lewis's letter. *See id*.

On January 14, 2019, Mr. Lewis slipped and fell due to the accumulated water in his cell, injuring his lower back and tailbone. *See id*. at 3.

The same day Mr. Lewis fell, he was sent to the clinic due to that fall. *See id*. at 4. Defendant Bassi, a nurse in the clinic, "perform[ed] a perfunctory examination on" Mr. Lewis. *Id*. After taking Mr. Lewis's blood pressure and asking "routine questions," *id*., "[Defendant Bassi] looked at [Mr. Lewis's] back for about ten seconds," Opp. at 5. Mr. Lewis was given aspirin and told to submit a sick call slip. *See* FAC at 4.

In the weeks after Mr. Lewis's fall, he "sent numerous letters" to Defendant Foss informing her of the "substandard healthcare" he received for his injury. *See id*. at 8. Defendant Foss did not respond until May 2019. *See id*.

Mr. Lewis filed a grievance in which he requested the leaks in his cell be fixed or that he be rehoused. *See id*. at 6. Defendant Atchley, then the chief deputy warden at SVSP, "granted both request[s]" on April 19, 2019. *Id*. In June of 2019, Mr. Lewis sent Defendant Atchley a "G22 Form" stating that Mr. Lewis had not been moved, and the cell leaks had not been fixed. *Id*. Defendant Atchley did not respond to this form. *See id*.

### III. DISCUSSION

A. Dismissal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint on the ground that there is a "failure to state a claim upon which relief can be granted." A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). The Court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must construe *pro se* pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). The Court need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amended*, 275 F.3d 1187 (9th Cir. 2001).

B. Eighth Amendment Standard

The "'treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care," and to "'take reasonable measures to guarantee the safety of the inmates.'" *Id.*

To establish an Eighth Amendment claim on a condition of confinement, such as an excessive risk to health or safety, a prisoner-plaintiff must show: (1) an objectively, sufficiently serious, deprivation, and (2) that the official was, subjectively, deliberately indifferent to the inmate's health or safety. *See id.* at 834. The objective prong may be satisfied by the existence of a serious medical need if the failure to address that need "could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted). A defendant is deliberately indifferent if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but

3

he "must also draw the inference." *Id.* There must be "harm caused by the indifference," although the harm does not need to be substantial. *See Jett*, 439 F.3d at 1096.

C.  Analysis

Defendants argue that Mr. Lewis's allegations of a leaky roof fail to satisfy the objective prong of an Eighth Amendment analysis; that as to Defendant Bassi, Mr. Lewis has alleged mere medical negligence which is insufficient to state an Eighth Amendment violation; and that as to Defendant Atchley, Mr. Lewis has failed to show any knowledge of the allegedly unsatisfactory conditions. *See generally*, MTD.

The Court will examine Defendants' arguments regarding the leaky roof before examining Defendants' arguments regarding Defendant Bassi's mental state. Because the Court agrees that Mr. Lewis's allegations of a leaky roof are insufficient to satisfy the Eighth Amendment's objective prong, the Court need not examine Defendants' second argument as to Defendant Atchley.

1. Mr. Lewis has Failed to Identify an Objectively Serious Condition which Violates the Eighth Amendment

As noted above, Mr. Lewis's Eighth Amendment claim against Defendants Rakitin, Foss, and Atchley is based on the allegation that Mr. Lewis's prison cell leaked, causing rainwater to pool onto his cell floor, and that Mr. Lewis slipped and fell in this pool after the leak went unfixed. *See* FAC at 3.

Case law is clear that a single defective condition – such as a slippery floor, a leaking roof, or a broken oven – by itself without additional conditions contributing to a threat to an inmate's safety does not create an objectively sufficient and serious condition to implicate the Eighth Amendment. *Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996). The Ninth Circuit has held that claims regarding slippery floors, without more, "do not state even an arguable claim for cruel and unusual punishment." *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).[1]

---

[1] *See also, e.g., McLaughlin v. Farries*, No. 03-60771, 2004 WL 2030365 (5th Cir. Sept. 13, 2004) (per curiam) (unpublished opinion) (concluding that prisoner's slip and fall on accumulated water

4

The Ninth Circuit repeatedly has affirmed dismissals of a pro se prisoner's action, where the prisoner complained only of a leaking roof and the resulting accumulation of water on a cell floor. *See, e.g., Pickett v. Nooth*, No. 17-35305, 2017 WL 4541428, at *1 (9th Cir. July 28, 2017) (dismissing appeal as frivolous where plaintiff claimed, inter alia, that he slipped and fell in a puddle caused by a leaky roof); *Winnop v. Deschutes Cnty.*, 471 F. App'x 602 (9th Cir. 2012) (same); *Gilman v. Woodford*, 269 F. App'x 756 (9th Cir. 2008) ("The district court properly determined that the allegations in Gilman's second amended complaint failed to demonstrate that prison officials' conduct in maintaining the prison roof and floors violated the Eighth Amendment.").

The Ninth Circuit finds conditions such as a wet and slippery floor to be "minor safety hazards," which do not violate the Eighth Amendment unless there is some "exacerbating condition[] . . . which render[s] [the prisoner] unable to 'provide for [his] own safety.'" *Osolinski*, 92 F.3d at 938. In order to state a cognizable claim for relief, there must be some exacerbating condition in addition to the slippery floor. *See Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) ("[s]lippery floors without protective measures could create a sufficient danger to warrant

---

from leaky air conditioning unit, which the defendants knew about and failed to clean up was an appropriate action for negligence, but not deliberate indifference); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (concluding that although prisoner complained for two months about accumulated water in the shower, and finally sustained injuries from the slippery floor, "while the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large" and is not a sufficiently serious risk of constitutional dimension); *Collier v. Garcia*, No. 17-5841, 2018 WL659014, *2 (N.D. Cal. Jan. 31, 2018) (dismissing complaint for failure to state a claim when plaintiff slipped and fell even after asking defendants to fix a leak which resulted in a puddle of water in plaintiff's cell); *Wallace v. Haythorne*, No. 06-1697 MCE GGH P, 2007 WL 3010755, at *2-*4 (E.D. Cal. Oct. 15, 2007) (finding no Eighth Amendment violation when prisoner fell after his foot slipped into a hole in the floor caused by a missing tile, even if defendants were aware that a non-prisoner employee had previously tripped on one of the holes), *aff'd by* No. 07-17364, 2009 WL 2015051 (9th Cir. July 2, 2009) (unpublished memorandum disposition); *Gilman v. Woodford*, No. 05-0337, 2006 WL 1049739 (E.D. Cal. April 20, 2006) (granting qualified immunity to defendants when prisoner slipped and fell in puddle of water resulting from leaking ceiling, of which defendants knew), *aff'd by* No. 06-16157, 2008 WL 686740 (9th Cir. March 12, 2008) (unpublished memorandum disposition); *Edwards v. City of New York*, No. 08-5787, 2009 WL 2596595 (S.D.N.Y. Aug. 24, 2009) (courts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where . . . the plaintiff [ ] alleges that the individual defendants had notice of the wet condition but failed to address it."); *Santiago v. Guarini*, No. 03-4375, 2004 WL 2137822 (E.D. Pa. 2004) (holding toilet and sink leak in cell, causing slip and fall, did not present substantial risk to inmate's safety, and was not objectively serious conditions).

relief" when an inmate alleges facts that exacerbate the danger resulting from such conditions). For example, in *Frost,* the prisoner-plaintiff was forced to traverse a wet and slippery shower floor while on crutches, and thus was unable to balance himself as well as an uninjured person. *See Frost*, 152 F.3d at 1129. The Ninth Circuit held that the failure to "provide handicapped-accessible accommodations for a pretrial detainee who wears a leg cast and relies on crutches," combined with the risk posed by the wet shower floor, was sufficient to state an Eighth Amendment violation. *Id*. *Cf. LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (no Eighth Amendment violation where inmate fell on wet and slippery shower floor, even though he was shackled at the time).

Here, there is no suggestion in the FAC that Mr. Lewis possessed, or that Defendants knew of, some exacerbating condition contributing to the flooded cell such that Mr. Lewis was unable to observe the water or was otherwise unable to provide for his own safety. Without something more than a slippery floor or a flooded cell, Defendants could not have known about an objectively serious condition creating a substantial risk of serious harm.

Because Ninth Circuit precedent requires something more than a slippery wet floor, and Mr. Lewis does not present anything more, his Eighth Amendment claim against Defendants Ratikin, Foss, and Atchley is **DISMISSED**. For Mr. Lewis's benefit, the Court explains that although his allegations are insufficient to sue for an Eighth Amendment violation in federal court, this dismissal does not prevent him from filing an action in state court alleging that Defendants were negligent.

2. <u>Mr. Lewis has Alleged Mere Medical Negligence by Defendant Bassi</u>

Mr. Lewis alleges that Defendant Bassi was deliberately indifferent to his serious medical needs because Defendant Bassi performed only a "perfunctory" medical examination and prescribed him aspirin. FAC at 4. Defendants argue that this allegation is insufficient to state a claim for deliberate indifference to a serious medical need.

Defendants are correct. An Eighth Amendment violation requires deliberate indifference, not mere negligence. For example, in *Wilhelm v. Rotman,* 680 F.3d 1113 (9th Cir. 2012), the Ninth Circuit affirmed the dismissal of deliberate indifference claims against a doctor for failing to

6

1   operate on plaintiff's hernia. *Id.* at 1123. The doctor in question, a surgeon, examined plaintiff for
2   "two seconds" and concluded on the basis of that perfunctory examination that there was "no
3   definite hernia"—despite the fact two doctors had previously diagnosed him with a hernia. *Id.* at
4   1116–17. The doctor send the plaintiff away with no treatment plan. *Id.* at 1117. The court found
5   that the allegations against the surgeon were insufficient to show deliberate indifference because
6   the surgeon "decided not to operate because he thought that Plaintiff was not suffering from a
7   hernia." Accordingly, because the allegations sounded in negligent misdiagnosis, the claims were
8   dismissed. *Id.* at 1123.

9   Here, Mr. Lewis does not even go so far as to allege that Defendant Bassi's brief
10  examination resulted in a misdiagnosis or that he was sent away with no treatment plan. Rather,
11  he relies solely on the fact that the examination was brief to argue that it was inadequate. *See*
12  Opp. at 5; *see also* FAC at 4. *Wilhelm* found that "literally, a two second exam," coupled with a
13  misdiagnosis and zero treatment, was insufficient to state a claim for deliberate indifference; the
14  examination here, which lasted at least "ten seconds," resulted in the prescription of aspirin, and is
15  not alleged to have been coupled with a misdiagnosis, is similarly insufficient to allege deliberate
16  indifference.

17  Because Mr. Lewis failed to allege facts sufficient to suggest that Defendant Bassi was
18  deliberately indifferent to his serious medical needs, his Eighth Amendment claim against
19  Defendant Bassi is **DISMISSED**. For Mr. Lewis's benefit, the Court explains that although his
20  allegations are insufficient to sue for an Eighth Amendment violation in federal court, this
21  dismissal does not prevent him from filing an action in state court alleging that Defendant Bassi
22  was medically negligent.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

7

## IV. CONCLUSION

For the foregoing reasons, Defendants' dismissal motion is **GRANTED.**

This order disposes of Docket No. 22. The Clerk is instructed to enter Judgment and close the case.

**IT IS SO ORDERED**.

Dated: August 29, 2022

_____
EDWARD M. CHEN
United States District Judge